by the witnesses referred to, appears to me to be much the more probable under all the circumstances of the case. It is evident that plaintiff was not employed to do strictly professional work, as that term is commonly understood, nor for his acumen as a lawyer or his skill as an advocate, although he may have possessed both of these qualifications in a high degree. On that subject the record is silent. The legal end of the work, meaning thereby the preparation for trial and the trial itself if the case ever came to trial, were amply provided for by other counsel. Plaintiff's activities were confined, and concededly were intended from the beginning to be confined, to conducting *extra judicial* negotiations between defendant and the city looking to an adjustment of differences out of court, or, as he himself·testified, he was engaged "to pour oil upon troubled waters." It is, as it seems to me, most natural and most probable that plaintiff's compensation for this kind of service, apart from his initial retainer, should have been made contingent upon the success of his efforts. The respondent lays great stress upon certain letters written by plaintiff to Mr. Sterling, of counsel for defendant, asking for payment on account, and the fact that Mr. Sterling did not answer them by reasserting the terms of plaintiff's employment as he understood them. To my mind this circumstance is of slight importance. No man is to be bound by his refusal to speak, unless some duty to speak rests upon him, and Mr. Sterling was certainly not bound to reiterate the terms of an agreement perfectly known to both parties. It is sufficient that he refused to admit plaintiff's claim for payment while his work remained undone. For these reasons I am of opinion that the judgment and order appealed from should be reversed.

---

WILLIAM T. EMMET, as Superintendent of Insurance of the State of New York, Appellant, v. WASHINGTON SAVINGS BANK, Respondent, Impleaded with Others.— Judgment affirmed, with costs. No opinion. Present — Clarke, P. J., McLaughlin, Dowling, Smith and Page, JJ.

WASHINGTON SAVINGS BANK, Respondent, v. TITLE AND GUARANTEE COMPANY OF ROCHESTER, N. Y., and Others, Appellants. (Action No. 1.)— Judgment affirmed, with costs. No opinion. Present — Clarke, P. J., McLaughlin, Dowling, Smith and Page, JJ.

WASHINGTON SAVINGS BANK, Respondent, v. TITLE AND GUARANTEE COMPANY OF ROCHESTER, N. Y., and Others, Appellants. (Action No. 2.) — Judgment affirmed, with costs. No opinion. Present — Clarke, P. J., McLaughlin, Dowling, Smith and Page, JJ.

JOSEPH A. McALEENAN v. MASSACHUSETTS BONDING AND INSURANCE COMPANY.— Motion granted; questions certified. Present — Clarke, P. J., McLaughlin, Scott, Smith and Page, JJ.

In the Matter of NEWTON AVENUE. (In the Matter of AUGUSTUS VAN CORTLANDT.) — Motion granted; questions certified. Present — Clarke, P. J., McLaughlin, Scott, Smith and Page, JJ.

LORETTA SMITH, as Administratrix, etc., v. BELT LINE RAILWAY CORPORATION.— Motion denied, with ten dollars costs. Present — Clarke, P. J., McLaughlin, Scott, Smith and Page, JJ.